STATE *versus* ALBERT B. WITHAM.

In indictments for forgery, the instrument alleged to be forged should, when practicable, be set forth according to its *tenor*, by which is intended an exact copy, and not according to its *purport* and *effect*, which implies the import or substance only.

INDICTMENT for forgery. The first count sets forth that the· defendant, at Norridgewock, on the sixteenth day of December, 1857, forged an order for the payment of money, of the following " purport and effect." " Please to pay the bearer my fees in action the State against A. B. Witham. Pittsfield, Dec. 16, 1857.. Julia Rines."

The second count sets forth that the defendant, at Norridgewock, on the eighteenth day of December, 1857, had in his possession a certain forged order of the following " purport and effect:"—the order is then recited in the same words, except that it is addressed " To the Treasurer of the county of Somerset."

To this indictment, the defendant demurred.

·*D. D. Stewart,* in support of the demurrer.

1. The order described in the first count is not within the meaning of the statute defining forgery. 3 Chitty's Criminal Law, 1033.

2. It will not support an indictment, because addressed to no person. Ib.; 2 Russell on Crimes, 516, 520.

3. The indictment does not charge any offence in either count; it does not allege that there was any such action as the order describes; nor that Julia Rines was a witness, or was entitled to fees, or had authority to draw such an order; nor that Knowlton had any fees belonging to her. 2 Russell on Crimes, 519.

4. Indictments for ˙forgery must set out the exact tenor of the instrument alleged to be forged. But, in this case, both counts set out the " purport and effect," not the tenor. That this is not sufficient, this Court has settled in *State* v. *Bonney,* 34 Maine, 383.

*N. D. Appleton, Attorney General,* in support of the indictment.

The indictment is good in form. Davis' Prec., 152, 153. It is not necessary to allege the instrument to be of the "tenor following." 2 East, P. C., 975, § § 53, 54. The instrument should be set forth in words and figures, but there is no technical form for expressing that it is so set forth. *Commonwealth.* v. *Houghton,* 8 Mass., 110. East refers to several cases. In *Rex* v. *Powell,* O. B., 1771, for forging a receipt for money "as follows," it was objected that it should have been set forth "of the tenor following," but all the Judges held it to be good. In *Rex* v. *Hart,* the forgery of a bill of exchange was set forth in the same form. So in *Birch* and *Martin's* case, for forging as a true will a paper "purporting to be the will of C." East says the word "purport" imports what appears on the face of an instrument, for want of attending to which many indictments have been set aside. See *Gilchrist's* case, 2 Leach, 753. "Purport" means the substance of an instrument as it appears to every eye. 1 Chitty's C. L., 214. And, if so, it is the same as "tenor." Other words than "tenor" may be used to introduce the recital of the forged instrument. Archbold's C. P., 47; 2 Russell, 1480; Crown Circuit Comp., 7th ed. 1799.

In *Commonwealth* v. *Parmenter,* 5 Pick., 279, the note was described as "of the purport and effect following." *Commonwealth* v. *Cary,* 2 Pick., 47; *Commonwealth* v. *Boynton,* 2 Mass., 77; *Commonwealth* v. *Ward,* 2 Mass., 397; *Lyon's* case, 2 Leach, 608. The form adopted in this case, from Davis' Precedents, has been followed for fifty years in Massachusetts and Maine, and has thus obtained an appropriate and technical sense which the Court is bound to respect. *Wright* v. *Clements,* 3 Barn. & Ald., 503; *Regina* v. *Keith,* 6 Cox's C. C., 533; 29 Eng. Com. Law & Eq., 558.

A charge, expressed in a plain, intelligible and explicit manner, and in the accustomed legal phraseology, is sufficient to warrant a judgment. *Commonwealth* v. *Bugbee,* 4 Gray, 206.

The case, *State* v. *Bonney,* 34 Maine, 383, is contrary to the whole tenor of authorities and precedents for half a century, and stands alone and unsupported by reason or a single decision or *dictum* in point for that period.

The case of *Commonwealth* v. *Wright*, 1 Cush., 46, was for a *libel*, where the offence consists in the very words. So of other cases cited in *State* .v. *Bonney*.

It is not necessary to set forth a *fac simile* to inform the party or the Court of the charge intended to be made. *Commonwealth* v. *Taylor*, 5 Cush., 605. Other authorities expressly repudiate the opinion that a *fac simile* of the instrument forged is necessary. *Commonwealth* v. *Starr*, 1 Mass., 55; *Commonwealth* v. *Bailey*, 1 Mass., 62; *Commonwealth* v. *Stevens*, 1 Mass., 203.

The decision in *State* v. *Bonney*, was clearly erroneous, and ought not to receive the continued sanction of the Court. It is better to reverse such an opinion, than to sanction error. "Next in elevation to the discovery of truth, is the confession of error."

The opinion of the Court was drawn up by

CUTTING, J. — In *State* v. *Bonney*, decided in 1852, 34 Maine, 383, this Court held that, in indictments for forgery, the instrument alleged to be forged should, whenever it is practicable, " be set forth according to its *tenor*, and. not according to its *purport* and *effect ;* that by the former mode an exact copy is intended, but by the latter the import or substance only is indicated." And the Court further remark that, " if the instrument be in the possession of the prisoner, or if it be lost or destroyed, or not attainable by the government, and it be so stated in the indictment, this may constitute an exception to the general rule, and be a sufficient reason for not setting out an exact copy." And when we consider the constitutional provision, (which must be paramount to all conflicting and prior decisions,) that " in all criminal prosecutions, the accused shall have a right to demand the nature and cause of the accusation, and have a copy

thereof," and the further fact that the prosecuting officer had the instrument in his possession, we think the rule not unreasonable in its application to the present case.

The copy of an instrument is something certain and definite, whereas the purport and effect, as alleged, may be uncertain and indefinite, depending in a great measure upon the skill, ability or judgment of the draughtsman, and not very dissimilar, perhaps, to certain marginal notes to cases reported. Besides, who is to determine whether the purport and effect be correctly set forth? If the original instrument be produced on the trial, according to the rule in civil cases, it would be for the presiding Judge; but in criminal proceedings it might become a question of fact for the consideration of the jury; thus raising an issue wholly unnecessary, if the prosecuting officer had discharged his duty, and one on which the prisoner might often escape, and thus avoid his trial upon the merits. Upon this point, *see* the remarks of Judges HOLROYD and BAYLEY, in *Wright* v. *Clements,* 3 Barn. & Ald., 503.

In Train & Hurd's Precedents of Indictments, published in 1855, and "written with exclusive reference to American jurisprudence," page 212, the decision in *State* v. *Bonney* is fully sustained, not only by the text and the precedent, but by numerous authorities, English and American.

*Demurrer sustained,*

*Indictment quashed.*

TENNEY, C. J., and RICE, APPLETON and MAY, JJ., concurred.

GOODENOW, J., *dissenting.* — I do not concur, for reasons set forth in the argument of the Attorney General. I think there is no necessity for multiplying the chances for the escape of felons.